# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION


JACK WILLIAM SWALLOW                                              PETITIONER


v.                              NO. 2:05CV00037 SWW/HDY


LINDA SANDERS, Warden, FCI                                       RESPONDENT
Forrest City, Arkansas


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States
District Judge Susan Webber Wright.  Any party may serve and file written objections to
these findings and recommendation.  Objections should be specific and should include
the factual or legal basis for the objection.  If the objection is to a factual finding,
specifically identify that finding and the evidence that supports your objection.  An
original and one copy of your objections must be received in the Office of the United
States District Court Clerk no later than eleven (11) days from the date of the findings
and recommendation.  The copy will be furnished to the opposing party.  Failure to file
timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

In January of 2001, petitioner Jack William Swallow ("Swallow") pleaded guilty in the United States District Court for the Middle District of Florida to two counts of possessing child pornography in violation of 18 U.S.C. 2252A(a)(5)(B).  At a subsequent sentencing hearing, he moved to dismiss the counts on the basis of Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002).  He maintained that the images he possessed did not portray actual children.  The trial judge disagreed and denied the motion.  The trial judge then sentenced Swallow to concurrent thirty-four month terms of imprisonment.

Following an unsuccessful appeal, Swallow filed a trial court motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255.  He alleged in the submission that the Government had breached the plea agreement that resulted in his guilty plea. The trial judge disagreed and denied the motion in December of 2003.

In July of 2004, Swallow filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 in the United States District Court for the Eastern District of Arkansas.  See Swallow v. Jeter, No. 2:04CV00118.  He alleged, inter alia, that the images he possessed did not portray actual children.  The undersigned recommended that the petition be dismissed without prejudice because the petition was not one pursuant to 28 U.S.C. 2241 but was instead a motion pursuant to 28 U.S.C. 2255.  The undersigned noted that the permission of the United States Court of Appeals for the Eleventh Circuit was required before Swallow could file a second or successive motion pursuant to 28 U.S.C. 2255.

In August of 2004, United States District Judge Susan Webber Wright adopted the undersigned's recommendation and dismissed Swallow's petition without prejudice. Two months later, Judge Wright denied Swallow's request for a certificate of appealability.[1]

In February of 2005, Swallow commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. He maintained in his petition that he is actually innocent of violating 18 U.S.C. 2252A(a)(5)(B) because he pleaded guilty to "an act that the law does not make criminal under [the] version of the statute at the time the alleged violation occurred." See Document 1 at 4.

Respondent Linda Sanders ("Sanders") thereafter filed a response to Swallow's petition. She maintained in her response that the petition should be "dismissed as an abuse of the writ under 28 U.S.C. 2244(a)." See Document 8 at 1.

The Court briefly reviewed the record in this proceeding and determined that Sanders should be invited to show cause why his petition should not be dismissed. He was so notified and was cautioned to pay particular attention to explaining why the Court should entertain his petition and not construe it as a motion pursuant to 28 U.S.C. 2255, thereby requiring the prior certification of the appropriate court of appeals. He was given up to, and including, August 12, 2005, to submit a reply.

---

[1]

Respondent Linda Sanders represents that despite the denial of Swallow's request for a certificate of appealability, No. 2:04CV00118 is currently on appeal to the United States Court of Appeals for the Eighth Circuit in No. 04-3785. See Document 8. The Court took the liberty of accessing the Court of Appeals' website and discovered that the Court of Appeals affirmed the dismissal of Swallow's petition on May 5, 2005. The Court of Appeals issued a mandate in the appeal on July 14, 2005.

August 12, 2005, has come and gone.   The Court now turns to address Swallow's petition and Sanders' response.

At the outset, it is imperative for the Court to properly construe the submission fled by Swallow.   He filed his submission as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.   He maintained in his submission that he is actually innocent of violating 18 U.S.C. 2252A(a)(5)(B) because he pleaded guilty to "an act that the law does not make criminal under [the] version of the statute at the time the alleged violation occurred."   See Document 1 at 4.

The difference between a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. 2255 is easily stated; the application of that difference, though, is not always as easy.   This much is clear: a prisoner may attack the execution of his sentence by means of a petition filed pursuant to 28 U.S.C. 2241 in the district of his incarceration.   See Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042 (8th Cir. 1995).   The Court understands "execution" to mean the manner in which a sentence is actually served.   See United States v. Peterman, 249 F.3d 458 (6th Cir. 2001).   For example, a petition filed pursuant to 28 U.S.C. 2241 is appropriate to challenge "calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, … or conditions of confinement …"   See Poindexter v. Nash, 333 F.3d 372, 377 (2nd Cir. 2003).

-5-

A motion filed pursuant to 28 U.S.C. 2255 in the district of a prisoner's sentencing, though, is the proper vehicle for challenging the validity of the prisoner's conviction and sentence. See Matheny v. Morrison, supra; Bell v. United States, supra. The Court understands "validity" to mean the imposition or length of the sentence imposed by the sentencing court. See Turner v. Keller, 994 F.Supp. 631 (W.D.Pa. 1998). 28 U.S.C. 2255 "encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, … that the court was without jurisdiction to impose such sentence, … that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" See Love v. Menifee, 333 F.3d 69, 72 (2nd Cir. 2003) [citing Jiminian v. Nash, 245 F.3d 144, 146-47 (2nd Cir. 2001), and 28 U.S.C. 2255].

The Court has thoroughly reviewed Swallow's submission. On the basis of that review, the Court is firmly convinced that he is not challenging the execution of his sentence. He is instead challenging the validity of his conviction, specifically, that he is actually innocent of violating 18 U.S.C. 2252A(a)(5)(B). The submission at bar is therefore without question one pursuant to 28 U.S.C. 2255.

Having so construed Swallow's submission, it is clearly a successive 28 U.S.C. 2255 motion because he previously sought relief pursuant to that section. Swallow filed the motion at bar without the initial approval of the appropriate Court of Appeals and appears to be in violation of 28 U.S.C. 2255. The only question is whether he is excused from obtaining the initial approval of the appropriate Court of Appeals.

28 U.S.C. 2255 contains a "savings clause" that provides the following:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The burden of making the foregoing showing is upon Swallow.  See Hill v. Morrison, 349 F.2d 1089 (8th Cir. 2003).  He must demonstrate that there is more than a procedural barrier to filing a motion pursuant to 28 U.S.C. 2255.  As the United States Court of Appeals for the Eighth Circuit noted in United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000), "[t]he [section] 2255 motion is not inadequate or ineffective merely because [section] 2255 relief has already been denied, ..."

Even having liberally construed Swallow's pro se submissions, he has offered nothing that might be construed as an excuse for failing to obtain the initial approval of the appropriate Court of Appeals.  Specifically, he has neither alleged nor shown that "the remedy by motion is inadequate or ineffective to test the legality of his detention."

On the basis of the foregoing, the Court finds that Swallow filed the motion at bar without the initial approval of the appropriate Court of Appeals.  He has not shown that he is excused from obtaining the required approval; he has not demonstrated that "the remedy by motion is inadequate or ineffective to test the legality of his detention."

In summary, the undersigned finds that Swallow's submission is clearly one pursuant to 28 U.S.C. 2255.  His attempt to characterize his submission as one pursuant to 28 U.S.C. 2241 is misplaced because he is clearly claiming the right to be released on the ground that his conviction is invalid.  The "savings clause" codified in 28 U.S.C. 2255 is of no help to him because he cannot show that the relief afforded by that section is inadequate or ineffective.  Having previously filed a motion pursuant to 28 U.S.C. 2255, Swallow must obtain the initial approval of the appropriate Court of Appeals before filing a successive motion.  He has not obtained the required approval.  The undersigned therefore recommends that Swallow's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 be dismissed without prejudice, and all requested relief be denied.  Judgment should be entered for Sanders.

DATED this ____22____ day of September, 2005.


_____
UNITED STATES MAGISTRATE JUDGE